Kyle T. Cutts (Cal. Bar No. 257641)
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone: 216.861.7576
Facsimile: 216.696.0740
Email: kcutts@bakerlaw.com

*Attorney for Defendant*
AT&T INC.

**IN THE UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ELVA CHAVEZ,

Plaintiff,

v.

AT&T INC.; and DOES 1 through 10, inclusive,

Defendants.

**CASE NO.:** '24CV2058 JLS MSB

*[San Diego County Superior Court Case No. 24CL013649N]*

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal, Defendant AT&T Inc. ("AT&T") removes the action filed by Plaintiff Elva Chavez ("Chavez") in the Superior Court of the State of California, in and for the County of San Diego, entitled *Elva Chavez v. AT&T Inc., and Does 1 through 10, inclusive*, Case No. 24CL013649N, to the United States District Court for the Southern District of California.

## I. BACKGROUND

1. On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online by a cybercriminal approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. Numerous class actions were quickly filed nationwide against both AT&T and its affiliate entities. The putative class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident and claim AT&T failed to safeguard personal information in violation of common law, contracts, and consumer protection statutes. As of October 31, 2024, over 90 related putative class actions and individual actions have been filed against AT&T and/or its affiliated entities, in federal and state courts across the country in connection with the incident.

2. On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation (JPML) to consolidate pending federal court actions in multidistrict litigation (MDL) in the Northern District of Texas. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other

related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, JPML No. 3114, ECF No. 139.

3. On September 18, 2024, Plaintiff Elva Chavez filed a Complaint against AT&T Inc. arising from the same alleged data incident in the Superior Court of the State of California, San Diego County (the "State Court Action") bringing claims for negligence, violations of the California Customer Records Act, and violations of the California Consumer Privacy Act. A true and correct copy of Chavez's Complaint in the State Court Action is attached as **Exhibit A**, and a true and correct copy of the state court docket and all process, pleadings, and orders served on AT&T in the State Court Action is attached hereto as **Exhibit B**.

4. Chavez's counsel has also filed six nearly identical complaints against AT&T regarding the same data incident on behalf of other named plaintiffs in California courts that AT&T has since removed. *See, e.g.*, *Moses v. AT&T Inc.*, Case No. 3:24-cv-01283 (S.D. Cal.); *Elliott v. AT&T Inc.*, Case No. 3:24-cv-01282 (S.D. Cal.); *Rehn v. AT&T Inc.*, Case No. 2:24-cv-06224 (C.D. Cal.); *Lee v. AT&T Inc.*, Case No. 3:24-cv-1426 (S.D. Cal.); *Charungvat v. AT&T Inc.*, Case No. 3:24-cv-1427 (S.D. Cal.); and *Wingard v. AT&T Inc.*, Case No. 3:24-cv-01444 (S.D. Cal.). Each of these nearly identical cases brings claims for alleged violations of the California Customer Records Act, Cal. Civ. Code §1798.80 *et seq.*, violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.*, and negligence. *See id.*, ECF 1, Ex. A, Compl. ¶¶ 14–36. Each case also contains a disclaimer that "Plaintiff does not seek more than $74,000 inclusive of all damages and attorneys' fees and costs in this action." *See id.*, Compl. Statement of Damages.

5. The JPML conditionally transferred each of these cases to the MDL on the grounds that they "involve questions of fact that are common to the actions previously transferred to the Northern District of Texas and assigned to Judge Brown." *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114, ECF Nos. 207 and 228, at 1. Chavez's counsel moved to vacate the transfer before

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

the JPML. *See id.*, ECF Nos. 232, 244.

6. Chavez's counsel also moved to remand each case to state court—providing a post-removal declaration that disclaimed recovery of more than $74,000 in each matter. *See, e.g.*, *Moses*, Case No. 3:24-cv-01283, ECF 7; *Elliott*, Case No. 3:24-cv-01282, ECF 5; *Rehn*, Case No. 2:24-cv-06224, ECF 11; *Lee*, Case No. 3:24-cv-1426, ECF 7; *Charungvat*, Case No. 3:2024-cv-1427, ECF 8; and *Wingard*, Case No. 3:24-cv-01444, ECF 5.

7. AT&T opposed remand both on the grounds that plaintiffs cannot deprive the court of federal jurisdiction with a post-removal declaration purporting to limit damages and a decision on remand should be deferred pending a ruling by the JPML on transfer to the MDL. AT&T urged that deference to the MDL Court is particularly appropriate given that counsel here has filed numerous, identical remand motions in multiple courts in cases that have been conditionally transferred to the MDL. *See, e.g.*, *In re Diet Drug Litig.*, Case No. CV 11–9507, 2012 WL 13012665, at *2 (C.D. Cal. Jan. 11, 2012) ("[D]eferring to the MDL court to decide [remand issues] serves judicial economy because similar issues are likely to arise in other actions pending before the MDL court."). The JPML scheduled a hearing to address Chavez's counsel's motion to vacate transfer on December 5, 2024.

8. Chavez's Complaint is virtually identical to those previously filed by her counsel against AT&T. The only difference is that Chavez's complaint alleges that "Plaintiff and Plaintiff's counsel will not accept nor seek to enforce a judgment that exceeds $74,000" and "Plaintiff and Plaintiff's counsel waive their right to accept an amount in excess of $74,000." (Ex. A, Compl., Statement of Damages.)

## II. GROUNDS FOR REMOVAL

9. This action is removable pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and, despite the allegation that counsel will not seek or accept a judgment in excess of $74,000, the amount in controversy exceeds $75,000.

10. Complete diversity exists here because Chavez alleges she is a citizen

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

of the State of California (Ex. A, Compl. ¶ 2) and AT&T is a citizen of the states of Delaware and Texas.

11. For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he is domiciled. Here, Chavez is a citizen of California.

12. AT&T is a corporation organized under the laws of Delaware with its principal place of business in Texas. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, AT&T is a citizen of Delaware and Texas.

13. Moreover, although Chavez has also named fictitious defendants, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding unnamed defendants are not required to join in a removal petition).

14. Although AT&T denies Chavez's allegations—and fully reserves its rights to contest their adequacy— Chavez's request for actual damages, statutory damages, and attorney's fees easily exceeds 28 U.S.C. § 1332(a)'s amount-in-controversy requirement on its face.

15. Here, Chavez proposes to limit her damages to "not [] more than $74,000," and claims that neither she nor her counsel will accept or seek to enforce a judgment exceeding $74,000. (Ex. A, Compl., Statement of Damages.) But her Complaint places at issue damages in an amount exceeding $75,000.

16. <u>Emotional distress</u>. Chavez claims she suffered damages for emotional distress and anxiety. (Ex. A, Compl. ¶ 11). "Emotional distress damages may be considered in assessing the amount in controversy and courts may look to damages awarded in similar cases in the geographic area." *Tellez-Lagunas v. Hyatt Corp.*, 2022 WL 5133501, at *4 (S.D. Cal. Oct. 4, 2022). And courts have awarded more than

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

$74,000 for emotional distress in identify theft and data incident cases.

17. For example, in *Drew v. Equifax Info. Servs., LLC*, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010), the Northern District of California upheld a jury award of $315,000 in emotional distress damages arising out of plaintiff's claim that he was the victim of identity theft. *Id.* at *2– 3. Likewise, in *Aguirre v. Capital One Bank USA N.A.*, 2023 WL 4046836 (C.D. Cal. June 15, 2023), the Central District of California held that similar allegations of emotional harm resulting from a data breach supported an "estimate that emotional distress damages could exceed $75,000." *Id.* at *3.

18. Attorney's Fees. "In calculating the amount in controversy, a court must include a reasonable amount of a potential award of attorney's fees to a plaintiff, if such an award is permitted under the statutory or common law basis for a plaintiff's claims." *Patra v. General Motors LLC*, 2024 WL 780721, at *4 (N.D. Cal. June 25, 2024).

19. The CCPA authorizes the Court to award "any other relief the court deems proper," Cal. Civ. Code § 1798.150(a), and courts have considered attorney fees when holding that the amount in controversy is exceeded for CCPA claims. *See Gershfield v. TeamViewer US, Inc.*, 2021 WL 839158, at *1–2 (C.D. Cal. March 4, 2021).

20. To determine the fees at issue, the court may look to the "history of fees requested by the plaintiff's counsel." *Selinger v. Ford Motor Co.*, 2023 WL 2813510, at *11 (C.D. Cal. Apr. 5, 2023).

21. In prior cases, plaintiff's counsel Mr. Golden has sought an hourly rate of $350. *See Thao v. Law Offices of Christopher Glenn Beckom*, 2018 WL 2002441, at *5 (E.D. Cal. Apr. 30, 2018) (awarding attorney fees for Mr. Golden's work at a rate of $350/hr); *see also* Motion for Attorney Fees, *Caldwell v. Titlemax of California, Inc.*, 2018 WL 8343560 (Cal. Super. Jan. 24, 2018) (seeking fees for Mr. Golden's work at a rate of $350/hr).

22. Thus, only 215 hours of work at Mr. Golden's rate of $350/hr would be sufficient to exceed the amount in controversy. That number will be easily exceeded in this complex matter, which requires determination of duties allegedly owed by AT&T; whether those duties were breached in connection with a criminal cyberattack on AT&T; how the incident happened; whether plaintiff was impacted by the breach; and whether corrective actions were needed or adequate.

23. In sum, Chavez's Complaint demonstrates that the amount placed in controversy exceeds the statutory minimum of $75,000.[1]

24. Although Chavez and her counsel purport to limit their recovery to no more than $74,000—below the jurisdictional minimum—this is an effort to avoid inclusion in the MDL proceeding before Judge Brown, which permits this Court to look beyond Chavez's pleading.

25. Chavez's claims are virtually indistinguishable from those already filed across the country against AT&T—including several brought by and on behalf of California citizens—and consolidated for coordinated proceedings in the Northern District of Texas.

26. Indeed, there are numerous previously-filed federal cases transferred to the MDL where Chavez is already a putative class member. For example, Chavez is a putative class member in cases seeking to represent "nationwide" and California classes of those allegedly impacted by the incident. *See e.g.*, *Casey v. AT&T Inc.*, Case No. 3:24-cv-00803 (N.D. Tex.), ECF 1 at ¶¶ 52, 64-77, 148–54 (claims for negligence and violations of the California Customer Records Act on behalf of a

[1] By removing this action to this Court, AT&T does not concede that it has any liability, let alone liability greater than the jurisdictional minimum. *See, e.g.*, *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Moda v. Priceline.com, Inc.*, 2006 WL 3327871, at *1 (9th Cir. 2006) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

nationwide putative class of "[a]ll residents of the United States whose PII was accessed or otherwise compromised as a result of" the data incident and also on behalf of a subclass of "[a]ll residents of the state of California whose PII was accessed or otherwise compromised as a result of" the data incident); *Nguyen v. AT&T Mobility LLC*, Case No. 3:24-cv-01663 (N.D. Tex.), ECF 1-1 at ¶¶ 26, 77–83 (California Consumer Privacy Act claims brought by California citizen against AT&T on behalf of a putative class of "[a]ll persons residing in California whose PII was compromised in the" data incident); *Vita v. AT&T Inc.*, Case No. 3:24-cv-01465 (N.D. Tex.), ECF 1 at ¶¶ 60, 66–80, 159-69 (claims for negligence and violations of the California Customer Records Act on behalf of a class of "[a]ll natural persons in the State of California whose Personally Identifiable Information was compromised" as a result of the data incident).

27. Where, as here, a plaintiff's claims are already subsumed within an existing MDL, courts have looked past artificial limitations in plaintiff's pleadings in finding federal jurisdiction in light of both the pending MDL litigation and the interests served by the Class Action Fairness Act ("CAFA").

28. For example, in *In re Kitec Plumbing Systems Products Liability Litigation*, 2010 WL 11618052 (N.D. Tex. Aug. 23, 2010), while an MDL involving allegedly defective HVAC pipe was proceeding in Texas, residents of two small communities in Washington filed actions in state court asserting the same claims. The Washington cases were removed and subsequently transferred to the MDL, where the removed plaintiffs sought to remand on the basis that CAFA's amount-in-controversy threshold was not met. Indeed, the removed plaintiffs had pled under the $5 million threshold by carving themselves out of a putative Washington class already pending before the MDL. But the *Kitec* court denied the motions to remand holding instead that it could "pierce the pleadings in order to determine the propriety of federal jurisdiction[,]" and look to the overlapping claims in the MDL class that were "already properly before this Court" in finding federal jurisdiction. *Id.* at *6.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

29. The *Kitec* court further reasoned that allowing the removed plaintiffs to proceed in state court would erode the judicial efficiencies created by the MDL and undermine CAFA's aim of eliminating both gamesmanship and copycat actions. The court found that the MDL "implicates [the] multistate or national interests" that CAFA was designed to protect and that the removed actions threatened to "create duplicative, overlapping or even identical litigation to [the MDL] if they were to be remanded." *Id.* at *7.

30. Similarly, in *Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415 (D. Md. Sept. 20, 2019), plaintiffs brought claims arising out of a data breach incident in Connecticut state court despite an ongoing MDL proceeding addressing dozens of cases brought by plaintiffs nationwide regarding the same incident. To avoid diversity jurisdiction, the *Simon* plaintiffs pled that they intended to represent only a class of stateless individuals domiciled abroad. *Id.* at *1–2. But the Court found that there was "[no] legitimate basis for the need to litigate their claims separately from the MDL because of their geographic location" and to do so would mean plaintiffs "could recover from both their state court action and from the MDL." *Id.* at *4.

31. The *Simon* court further explained that "[t]he policy justifications for finding federal jurisdiction under CAFA even when it is absent on the face of the plaintiff's complaint, such as preventing inefficiency and 'ensuring federal court consideration of interstate cases of national importance,' hold even more true in the MDL context." *Id.* Indeed, "[t]he primary objective of an MDL is to promote the just and efficient conduct of actions that involve common questions of fact. This interest in fairness and efficiency is even stronger in the context of MDLs than in a stand-alone CAFA class action because MDLs combine multiple class (and individual) actions into one lawsuit for purposes of pretrial proceedings." *Id.* Thus, "[a]llowing the Simons to manipulate CAFA would be harmful here because it could disrupt the orderly progress of the pretrial process in the Marriott MDL." *Id.*

32. A similar result was reached in *Sanders v. Kia America, Inc.*, 2023 WL



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

3974966 (C.D. Cal. June 13, 2023). There, California residents filed a tort action on behalf of individual plaintiffs in California state court against a California car company regarding issues with anti-theft technology. The *Sanders* plaintiffs' claims were the same as those raised in a pending MDL proceeding created to centralize all litigation for suits by consumers who purchased or leased vehicles that lacked the anti-theft technology. Plaintiffs alleged there was not minimal diversity for removal purposes because both plaintiffs and the car companies were California residents.

33. Citing *Simon*, the court disagreed, and "reach[ed] beyond the pleadings" to determine that minimal diversity existed because the *Sanders* plaintiffs were subsumed by a class in the MDL that contained non-California citizens. *Id.* at *5.

34. The *Sanders* court explained that, "[while] Plaintiffs are entitled to choose a state forum for their action by limiting the number of plaintiffs or the amount of recovery they seek[,] where there is actually no difference between th[e] action and the existing claims that are being pursued in a multidistrict litigation . . . this is exactly the type of case that CAFA envisioned as removable." *Id.* at *6.

35. This case is like *Kitec, Simon,* and *Sanders*. The incident allegedly impacted individuals nationwide and has resulted in over 90 suits raising the same types of claims, seeking the same types of relief, and seeking to represent classes that necessarily include Chavez's suit.

36. Specifically, Chavez's claims are subsumed by cases already pending before the MDL involving identical claims for relief on behalf of more than 100 putative class members and seeking more than $5 million—thereby conferring CAFA jurisdiction. *See e.g.*, *Casey*, ECF 1 at ¶ 24 (claims for negligence and violations of the California Customer Records Act on behalf of a putative class of "tens of millions of Class Members"); *Vita*, ECF 1 at ¶ 61 (alleging a putative class of "approximately 40 million" people).

37. Chavez Indeed, in less than three months, Chavez's counsel has filed

six other complaints against AT&T on behalf of six other named plaintiffs in California state courts that are nearly identical to Chavez's Complaint here and that each seek at least $35,000 in actual damages, in addition to attorney's fees. The only purpose of these identical, carefully structured complaints is to deprive the federal MDL court of jurisdiction over claims that have already vested there and completely subsume the claims here.

## III. VENUE

38. This Court is in the judicial district and division embracing the place where Chavez filed the State Court Action and where it is pending. Specifically, the United States District Court for the Southern District of California embraces San Diego County, California, which is where Chavez filed the State Court Action and where it is pending. Thus, this Court is the district court to which this case is properly removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

## IV. TIMELINESS OF REMOVAL

39. AT&T was served with Chavez's Complaint on October 3, 2024. Thus, AT&T timely removed this action within 30 days of service. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348–50 (1999).

## V. CONSENT TO REMOVAL

40. Pursuant to 28 U.S.C. § 1446, all defendants properly joined consent to the removal of the state court action to this Court.

## VI. RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

41. Nothing in this Notice is intended or should be construed as an admission by AT&T of any fact alleged by Chavez, of the validity or merit of any of Chavez's claims and allegations, or as a limitation of any of AT&T's rights, claims, remedies, or defenses in connection with this action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

Dated: November 1, 2024

**BAKER & HOSTETLER LLP**

By: */s/ Kyle T. Cutts*
Kyle T. Cutts

*Attorney for Defendant*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

## CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067.

On November 1, 2024, I served a copy of the within document:

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

I electronically transmitted the document(s) listed above to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing on the following:

Jeremy S. Golden
**GOLDEN & CARDONA-LOYA, LLP**
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
*jeremy@goldencardona.com*

*Attorneys for Plaintiff,*
ELVA CHAVEZ

I further certify that a copy of the foregoing document(s) was mailed via U.S. Mail and transmitted via e-mail to the person(s) listed above.

| | |
|---|---|
| ☑ | **VIA EMAIL.** By transmitting by e-mail (electronic transmission) to the e-mail address(es) of the addressee(s). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| ☑ | **VIA U.S. MAIL.** By placing the documents listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 1, 2024, at Los Angeles, CA.

*/s/ Jennifer Gudino*
Jennifer Gudino